UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT ROBINSON,

      Plaintiff,

v.                                          Case No: 2:15-cv-242-FtM-38DNF

DAVID KEITH OAKS, LISA SPADER
PORTER, The Honorable Judge, and
SECTION 23, PROPERTY OWNERS
ASSOCIATION, INC.,

      Defendants.

_____

## <u>REPORT AND RECOMMENDATION</u>

## TO THE UNITED STATES DISTRICT COURT

This cause is before the Court on review of *pro se* Plaintiff Albert Robinson's Affidavit of Indigency (Doc. 2) filed on April 16, 2015.  Plaintiff is requesting leave to proceed *in forma pauperis* which is without the prepayment of fees or costs.  When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915.

Plaintiff's Complaint (Doc. 1) contains a single count for forced labor under 18 U.S.C. §§ 1589 and 1595(a).  Plaintiff is claiming that a permanent injunction entered in a state court case in Charlotte County, Florida, by Judge Lisa Spader Porter, violates 18 U.S.C. § 1589 by requiring him to perform maintenance on a property without being compensated.  As quoted in Plaintiff's Complaint, the injunction in relevant part provides:

*It is therefore ORDERED and ADJUDGED THAT:*

1. a PERMANENT Injunction is entered and the Defendants **Albert M. Robinson and Jane Robinson** are hereby permanently enjoined from; Parking commercial and/or work vehicles and utility trailers on property overnight and/or on weekends; parking permitted vehicles on right of way, cul de sacs and vacant lots; allowing previously removed unlicensed vehicles to be on the property without it being properly licensed, and allowing the home to be mainetained in anything but a "like new" condition which is accomplished by keeping exterior surfaces (walls, roofs, trim, pool cage) clean and painted, maintaining law and landscaping on a regular consistent basis, storing items currently in the pool cage area out of sight and returning the pool to operable condition

(Doc. 1 p. 6, ¶ 8). Plaintiff further alleges that this injunction was a result of a conspiracy between Judge Spader and the other defendants in this case, Section 23, Property Owner's Association, Inc., and David Keith Oaks, to force Plaintiff to clean and maintain the property without pay.

Upon review of the Complaint, the Court finds that this action is frivolous and seeks monetary relief against a defendant who is immune to such relief.  The principle of judicial immunity protects Judge Porter from any liability from the entry of a permanent injunction in the state case.  As explained by Judge Fawsett in *Sloan v. McGrady,* 2012 WL 266317, at *3-4 (M.D. Fla. Jan. 30, 2012):

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity ...." *Bolin v. Store,* 225 F.3d 1234, 1239 (11th Cir.2000) (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Simmons v. Conger,* 89 F.3d 1080, 1084–85 (11th Cir.1996)). Absolute judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Additionally, judicial immunity is absolute immunity not only from damages, but also from suit itself. *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The doctrine of absolute judicial immunity is based on the principle that judges should "be free to act upon [their] own convictions, without apprehension of personal consequences ...." *Otworth v. The Fla. Bar,* 71 F.Supp.2d 1209, 1217–18 (M.D.Fla.1999) (citing *Stump,* 435 U.S. at 355)).

Judicial immunity may be overcome in only two instances. "First, a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity." *Mireles,* 502 U.S. at 11 (citing cases). To determine whether a judge acted within his or her judicial capacity, the court must look to the nature of the act. *Otworth,* 71 F.Supp.2d at 1218; *Stump,* 435 U.S. at 350 ("The factors

determining whether an act by a judge is 'judicial' relate to the nature of the act itself (whether it is a function normally performed by a judge) and the expectation of the parties (whether they dealt with the judge in his individual capacity) ....").
The Eleventh Circuit has considered the following four factors when determining if a judge's actions were made in his or her judicial capacity: (1) whether the "act complained of constituted a normal judicial function;" (2) whether the "events occurred in the judge's chambers or in open court;" (3) whether the "controversy involved a case pending before the judge;" and (4) whether the "confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir.2005) (citing *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir.1983)). . . .

The second instance under which judicial immunity may be overcome occurs when the judge's actions, though possibly judicial in nature, are done in the complete absence of jurisdiction. *Mireles,* 502 U.S. at 12 (citing cases). When determining whether a judge has jurisdiction over the matter, "a court must construe jurisdiction broadly in favor of the defendant judge." *Otworth,* 71 F.Supp.2d at 1218. Moreover, a judge may still be entitled to judicial immunity even when acting "in excess" of his or her jurisdiction. *Lloyd v. Foster,* 298 Fed. App'x 836, 840 (11th Cir.2008) (citing *Stump,* 435 U.S. at 356 n. 7).

Here, Plaintiff's only claim is that the imposition of the injunction by Judge Porter in the state court action violated 18 U.S.C. § 1589 by requiring him to perform work for which he was not compensated. Applying the case law provided above, Judge Spader is clearly immunized from the instant action. The injunction to which Plaintiff objects was entered by Judge Porter while she was acting in her judicial capacity as sitting judge in the state court property action. The injunction was entered as a normal judicial function, in open court, in a case presided over by Judge Porter. Judge Porter is not only immunized from damages, but from the suit itself.

Further, Plaintiff's allegation that "the court in which [Judge Porter] made the order lacked subject matter jurisdiction" is insufficient to allow this case to go forward. As stated above, judicial immunity may be overcome when the judge's actions, though possibly judicial in nature, are done in the complete absence of jurisdiction. *Mireles,* 502 U.S. at 12 (citing cases). When determining whether a judge has jurisdiction over the matter, "a court must construe jurisdiction broadly in favor of the defendant judge." *Otworth,* 71 F.Supp.2d at 1218. Here, there are no facts

to support Plaintiff's claim that Judge Porter lacked subject matter jurisdiction to enter the injunction, let alone a finding that Judge Porter lacked a "complete absence of jurisdiction."

As to the remaining defendants, Section 23, Property Owner's Association, Inc., and David Keith Oaks, Plaintiff's cause of action for forced labor is frivolous. Plaintiff is essentially seeking to recover damages against Section 23 and Mr. Oaks for the costs he endured in complying with the state court injunction entered by Judge Porter. The fact that Plaintiff objects to the entry of the injunction in the state court action does not give rise to a cause of action against Section 23 and Mr. Oaks. The state purpose of 18 U.S.C. § 1589, which was enacted as part of the Trafficking Victims Protection Act of 2000, is to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." *Alvarado v. Universidad Carlos Albizu*, 2010 WL 3385345, at *2 (S.D. Fla. Aug. 25, 2010) (citing 22 U.S.C. § 7101(b)(4)). Such a purpose is not effectuated here, where Plaintiff is merely challenging the entry of a state court injunction. Accordingly,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

Plaintiff's Affidavit of Indigency (Doc. 2) be **DENIED** and this action be dismissed.

**Respectfully recommended in Chambers** in Fort Myers, Florida on May 1, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the

District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02

Copies furnished to:

Counsel of Record
Unrepresented Parties